UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY W. STOCKING,
Plaintiff,

v.

MIDDLETOWN POLICE DEPT., et al.,
Defendant.

PRISONER
CASE NO. 3:11-cv-587 (CFD)

## RULING AND ORDER

The plaintiff, currently incarcerated at the Brooklyn Correctional Institution in Brooklyn, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000). He names as defendants the Middletown Police Department and the City of Middletown.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient.

The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), cert. granted sub nom., Ashcroft v. Iqbal, 128 S. Ct. 2931 (2008). But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007)).

As an initial matter, the Court notes that, although the plaintiff paid the filing fee to commence this action, he also included as part of his complaint a request to proceed *in forma pauperis*. As the filing fee has been paid, this request is denied as moot.

The complaint consists mainly of excerpts of law and citations. There are only a few paragraphs containing allegations specific to this case. The plaintiff contends that the Middletown Police Department violated his Fourth Amendment rights when they entered his home without a warrant because there were no exigent circumstances and he did not provide formal consent to enter. He argues that any evidence obtained as a result of the search was subject to the exclusionary rule. Compl., Doc. #1, at 13.

State records reveal that on July 28, 2009, the plaintiff entered a guilty plea on a charge of illegal possession of child pornography in the second degree. On December 22, 2009, he was sentenced to a term of imprisonment of ten years, execution suspended after four years followed by five years probation. State v. Stocking, No. MMX-CR08-0183936-T. While a guilty plea does not waive a possible section 1983 claim for an illegal search, see U.S. v. Gregg, 463 F.3d 160, 165 (2d Cir. 2006), the plaintiff has not named proper defendants in his complaint.

2

The only defendants are the City of Middletown and the Middletown Police Department. Municipalities and other local government units may be included as defendants under section 1983. See Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978). To state a claim under Monell, however, the plaintiff must show that an official policy, practice or custom was the "motivating force [behind] the constitutional violation." Dodd v. City of Norwich, 827 F.2d 1, 5 (2d Cir. 1987).

The plaintiff alleges that police searched his home using a search warrant with a different address. There are no allegations showing any official policy, practice or custom relating to this case. Accordingly, all claims against the Middletown Police Department and the City of Middletown are dismissed pursuant to 28 U.S.C. § 1915A.

## Orders

The Court enters the following orders:

(1) Plaintiff's request to proceed in forma pauperis in this action is **DENIED** as moot.

(2) The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A. The plaintiff may file a motion to reopen accompanied by an amended complaint if he can identify proper defendants. Any motion to reopen shall be filed within **thirty (30)** days from the date of this order. The Clerk is directed to send the plaintiff an amended complaint form with this order.

(3) The Clerk is directed to enter judgment and close this case.

Entered at Hartford, Connecticut, this 27th of May, 2011.

/s/ Christopher F. Droney, USDJ

Christopher F. Droney
United States District Judge

3